FURMAN E. CONLEY, PLAINTIFF, v. OWEN ALFRED WINDSTON, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided November 11, 1952.

*Mr. Warren C. Douglas,* attorney for plaintiff.

*Mr. Edward R. Deibert,* attorney for defendant.

HANEMAN, J. S. C.   The defendant herein moves for a summary judgment on the ground that there exists no

genuine issue as to any material fact, and that he is therefore entitled to a judgment as a matter of law.

Plaintiff and defendant are the owners of contiguous lots. The defendant obtained title by a conveyance from William Allison and Mary W. Allison, his wife, on September 23, 1946.

The first count of the complaint alleges that in the year 1923 the plaintiff and the Allisons entered into an oral agreement for the common use of a driveway to be jointly constructed along their common boundary, and lie partly upon the lands of each. The driveway was so constructed and was used by the plaintiff until some time subsequent to the conveyance from the Allisons to defendant. Shortly after the construction of the driveway, and long before the conveyance to the defendant, the plaintiff erected a garage on the rear of his property. Recently the defendant proceeded to construct a fence along his boundary line, which ran longitudinally along the approximate center of said driveway. Said fence prevented the use of the driveway by plaintiff and denied him access to his garage from that side of his property.

Plaintiff seeks a mandatory injunction requiring defendant to remove the fence, and a prohibitory injunction against further interference with plaintiff's passage over the driveway, and also a judgment for compensatory and punitive damages for said interference.

The second count alleges that the defendant raised the grade of his lot and constructed "drains on his property collecting the flow of water from the roof of his said property and directing and casting it upon the said plaintiff's lands." For the result of this action plaintiff seeks compensatory damages.

The third count seeks the same relief demanded in the first count, and also a declaratory judgment establishing a right of way by prescription over the same lands described therein. Although alleging the common construction and use of the driveway, there is absent any allegation of the

agreement referred to in the first count under which it was so constructed and used. Compensatory and punitive damages are as well here sought.

The facts, well pleaded, must be taken as true for the purpose of this motion. *De Marco v. Estlow,* 18 *N. J. Super.* 30 (*Ch.* 1952), affirmed 21 *N. J. Super.* 356 (*App. Div.* 1952).

Plaintiff apparently argues that his payment of a portion of the cost of the driveway and the construction of the garage on the northerly side of his property, in reliance upon the license given to him by the Allisons, gave him some special "equity" to a continuous right of user without interference.

The most that plaintiff has spelled out in his complaint is a grant of a license by the Allisons. At the best, plaintiff alleges that reciprocal permission was asked and given. Although he alleges that he had ample room on the northerly side of his house to construct such a driveway, he saw fit to construct it at the location now in suit. That there is now such room for a driveway on the northerly side of his house is not only undisputed by plaintiff, but is tacitly admitted by his failure to allege otherwise or to contradict defendant's affidavits filed to this effect. There is no allegation in the complaint, and no affidavit, that the closing off of this driveway would deny plaintiff the use of his garage.

Defendant argues on this motion that by the very allegations of the complaint, sustained by plaintiff's and defendant's affidavits, there was here created merely a license, revocable at will or by the conveyance of the licensors of the land owned by them at the inception thereof. He as well states that not only are the allegations of the first and third counts inconsistent, but that the complaint and plaintiff's affidavits give rise, in any event, only to a license.

The first and third counts will be considered together.

A permissive user of a license is subject to revocation by (1) will of the licensor; (2) death of either of the parties, or (3) conveyance of the land upon which it was

intended to operate, unless coupled with an interest or creation of an equity. *Kiernan v. Kara,* 7 *N. J. Super.* 600 (*Ch.* 1950); *Plaza v. Flak,* 7 *N. J.* 215 (1951).

In order for the plaintiff to succeed upon his theory of some special equity he must allege and prove that a revocation would work a fraud, actual or constructive, upon him. *Raritan Water Power Co. v. Veghte,* 21 *N. J. Eq.* 463 (*E. & A.* 1869); *Morton Brewing Co. v. Morton,* 47 *N. J. Eq.* 158 (*Ch.* 1890); *Polakoff v. Halphen,* 83 *N. J. Eq.* 126 (*Ch.* 1914).

Plaintiff's allegations and affidavits merely demonstrate that it would be more convenient for him to use this driveway than to construct one on his own land. His enjoyment of the garage will not be prevented by the revocation of the license. No fraud, actual or constructive, has been alleged or demonstrated in the complaint or affidavits. Actually, the contrary has been shown thereby.

In this posture of the litigation the plaintiff has merely asserted that he had a license and has failed to assert or show any special equity which would preclude the normal rule that a license may be terminated at will or by conveyance, as aforesaid. The complaint discloses the revocation of the license alleged by plaintiff.

A permissive user cannot ripen into an easement. Adverse user, upon which to base an easement by prescription, could not have had its genesis prior to 1946, the date of the conveyance by the licensor to the defendant and the termination of the license. This falls far short of the required minimum of 20 years. *Kiernan v. Kara, supra.*

In the light of plaintiff's own affidavit concerning the origin of this right, it must be held that he has not alleged a good cause of action in his third count.

For the foregoing reasons, both the first and third counts will be dismissed.

Granting, as above stated, the effect to the complaint which must be accorded it, and upon consideration of plain-

tiff's affidavit in connection therewith, it is here held that a cause of action under the second count has been pleaded. The motion addressed to the second count will be denied.